IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANN DARLING,

        Plaintiff,               No. CIV S-04-0608 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.          <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income. For the reasons discussed below, the court will deny the plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment but will remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

/////

1

1    I.  Factual and Procedural Background

2            In a decision dated September 22, 2003, the ALJ determined plaintiff was no

3    longer disabled and that her disability ceased as of June 1, 1995.[1]  Plaintiff filed additional SSI

4    applications and subsequently was found to be disabled as of May 1, 1998.  The ALJ's decision

5    became the final decision of the Commissioner when the Appeals Council denied plaintiff's

6    request for review.  The ALJ found that during the period at issue, plaintiff had severe

7    impairments of bipolar disorder and borderline personality disorder but these impairments do not

8    meet or medically equal a listed impairment; there had been an improvement in plaintiff's

9    medical impairment since May 1990, which was related to plaintiff's ability to do work;

10   plaintiff's medical condition had improved since the date of the most recent favorable decision;

11   plaintiff and her daughter were generally credible although somewhat vague; plaintiff retained

12   the residual functional capacity to perform work with certain mental limitations; plaintiff could

13   perform her past relevant work; alternatively there were a significant number of jobs plaintiff

14   could perform; and plaintiff's disability ceased in June 1995.   Administrative Transcript ("AT")

15   30-31.  Plaintiff contends the ALJ erroneously relied on the opinion of a consultative physician.

16   II.  Standard of Review

17           When previously granted benefits are terminated by the Commissioner, the burden

18   of proof ordinarily shifts.  Rather than resting on a current recipient of disability benefits to prove

19   that he or she is disabled, the burden rests on the Commissioner to prove that the applicant is no

20   longer disabled.  "Once a claimant has been found to be disabled, . . .a presumption of continuing

21   disability arises in [his] favor[, and the Commissioner] bears the burden of producing evidence

22   sufficient to rebut this presumption of continuing disability."  Bellamy v. Secretary of Health &

23   Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985); see also Saltzman v. Apfel, 125 F. Supp. 2d

24   
         _____

25        [1]  In this case, plaintiff's disability benefits were terminated after a continuing disability
     review (CDR).  This type of review is routinely conducted by the Commissioner to determine
26   whether an individual is still disabled.  A seven-step sequential process is used in the CDR.  20
     C.F.R. § 416.99404.1594(b)(5).

1  1014 (C.D. Cal. 2000) (same).  This evidence then is reviewed under the substantial evidence

2  standard.  Saltzman, 125 F. Supp. 2d at 1019 (citing Murray v. Heckler, 722 F.2d 499, 500 (9th

3  Cir. 1983)).

4       Substantial evidence means more than a mere scintilla of evidence, but less than a

5  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

6  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such evidence as a reasonable

7  mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

8  402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59

9  S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d

10  1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts

11  from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

12  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

13  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

14  substantial evidence supports the administrative findings, or if there is conflicting evidence

15  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

16  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

17  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

18  1335, 1338 (9th Cir. 1988).

19  III.  Analysis

20       Plaintiff contends the ALJ improperly rejected the opinion of Dr. Atkinson, a

21  treating mental health professional.  The weight given to medical opinions depends in part on

22  whether they are proffered by treating, examining or non-examining professionals.  Lester v.

23  Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a

24  treating professional, who has a greater opportunity to know and observe the patient as an

25  individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

26  /////

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Lester, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

In a letter dated September 8, 1995, Dr. Atkinson opined that plaintiff was diagnosed with bipolar disorder with current major depression, severe, and alcohol dependence, in sustained full remission.  AT 261.  Dr. Atkinson concluded that because of these conditions, plaintiff suffered at that time from substantial mental impairment, her concentration, understanding and memory were significantly impaired, her social functioning was impaired, and plaintiff had little resilience and/or ability left to adapt.  Id.  The ALJ rejected this opinion as not supported by the treatment record and inconsistent with plaintiff's attending college full time during the period at issue and obtaining a master's degree in 1997.  AT 29.  Dr. Atkinson's opinion was contradicted by that of a Dr. L. Wade, who performed a psychiatric examination on April 17, 1997 and found plaintiff was only mildly impaired for social functioning and mildly to moderately impaired for occupational functioning.  AT 273-281.  On the present record, the

4

1   court finds no error in the ALJ's analysis.  However, as explained below, the record has not been

2   fully developed and the matter therefore will be remanded so that Dr. Atkinson's opinion can be

3   evaluated in light of a complete record.

4           Plaintiff contends the ALJ committed error because plaintiff erroneously testified

5   Dr. Wade was a treating physician, thus causing the ALJ to accord greater weight to Dr. Wade's

6   opinion than was proper.  See AT 541.  The ALJ expressly noted that plaintiff was seen by Dr.

7   Wade in a consultative capacity; there was no error in relying on Dr. Wade's opinion, which

8   relied on independent clinical observations.  AT 23-24.  Moreover, plaintiff's testimony does not

9   appear to be erroneous as it is consistent with the record.  Although Dr. L. Wade served as a

10   consultative examiner, the records indicate a Dr. Wade, perhaps a different person, also was a

11   treating psychiatrist.  AT 354 (October 25, 1995 release of records to Dr. Wade at Baton Rouge

12   Mental Health with address different than that listed for Dr. L. Wade), cf. AT 273; see also AT

13   357 (lithium levels drawn on October 25, 1995 per prescription from Dr. Wade), AT 263 (Dr.

14   Atkinson notes  "patient will continue to see psychiatrist at [Baton Rouge Mental Health] for

15   meds"), AT 359 (at time of consultative exam in 1997, plaintiff "currently attends Baton Rouge

16   Mental Health Center").  If plaintiff were seeing a treating psychiatrist, i.e., Dr. Wade at Baton

17   Rouge Mental Health, on a regular basis during the relevant time period, such treatment would be

18   consistent with plaintiff's testimony that she saw "Dr. Wade" once or twice a week during this

19   time period as well as another therapist (presumably Dr. Atkinson, a Ph.D. who apparently could

20   not prescribe psychotropic medications).  AT 541, 550; see also AT 261-268 (Dr. Atkinson's

21   records from Mental Health Service at Louisiana State University indicate only three visits).

22           The ALJ recognized the importance of the records from Baton Rouge Mental

23   Health and requested plaintiff's attorney obtain them, to which request counsel agreed.  AT 542-

24   543, 579, 586.  The ALJ also recognized that records from plaintiff's Sacramento therapist were

25   /////

26   /////

1   important to the disability determination.[2]  AT 543.  The designated records, however, were

2   never submitted by plaintiff's counsel.

3              Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841,

4   849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to

5   develop the record even when claimant is represented).  Evidence raising an issue requiring the

6   ALJ to investigate further depends on the case.  Generally, there must be some objective

7   evidence suggesting a condition which could have a material impact on the disability decision.

8   See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and

9   Human Services, 939 F.2d 680, 682 (9th Cir.1991).  "Ambiguous evidence . . . triggers the ALJ's

10  duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.

11  2001) (quoting Smolen, 80 F.3d at 1288.)

12             In this case, the ALJ expressly recognized the importance of the missing records

13  to the disability determination.  Although plaintiff's counsel had agreed to obtain the records and

14  did not, in light of the importance of these records to the continuing disability review and the

15  burden on the Commissioner to produce evidence sufficient to rebut the presumption of

16  continuing disability, the failure to obtain the records requires remand so that the matter may be

17  more fully developed.

18             For the foregoing reasons, this matter will be remanded under sentence four of 42

19  U.S.C. § 405(g) for further development of the record and further findings in light of a complete

20  record.

21  /////

22  /////

23  /////

24

25  [2]  Teresa Phillips, MFCC, is not a treating physician but her treatment notes can be
    properly considered.  20 C.F.R. § 416.913(d)(1).  During the relevant time period, plaintiff
    testified she called Ms. Phillips on a regular basis.  The record, however, does not contain any

26  treatment notes from Ms. Phillips other than two letters.  AT 258-259, 290-291.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's motion for summary judgment is denied;

3    2.  The Commissioner's cross-motion for summary judgment is denied; and

4    3.  This matter is remanded for further proceedings consistent with this order.

5 DATED:  September 30, 2005.

6

7              UNITED STATES MAGISTRATE JUDGE

8

9

10

11 006
darling.ss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26